UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re:                                                           :

                                                                 : Case No. 21-22130 (LGB)

                                                                 :

WILLIAM M. MATTEI AND TRACY MATTEI,                              : Chapter 7

                                                                 :

                                                                 :

Debtors.                                                         :

----------------------------------------------------------------x

BRENDA WILEY, AS ADMINISTRATOR C.T.A.,

OF THE ESTATE OF JEFFREY KEAHON, A/K/A

HAROLD JEFFREY KEAHON,                                           :

                                                                 :

Plaintiff,                                                       :

                                                                 : Adv. Pro. No. 21-07029 (LGB)

v.                                                               :

                                                                 :

WILLIAM M. MATTEI AND TRACY MATTEI,                             :

                                                                 :

Defendants.

----------------------------------------------------------------x

## OPINION & ORDER

**APPEARANCES**

LAW OFFICES OF SERRANO & ASSOCIATES, P.C.

*Counsel for Brenda Wiley, as Administrator C.T.A., of the Estate of Jeffrey Keahon*

53 Hudson Avenue, Ste 231 & 232

Nyack, NY 10960

By: Roselina S. D'Annucci

LAW OFFICES OF ROBERT S. LEWIS, P.C.

*Counsel for William M. Mattei and Tracy Mattei*

53 Burd St.

Nyack, NY 10960

By: Robert S. Lewis

**HON. LISA G. BECKERMAN**

**UNITED STATES BANKRUPTCY JUDGE**

**Decision Regarding Denial of Debtors' Discharge under § 727(a)(4)(A)**

**I.    Procedural Background and Findings of Fact**

On March 2, 2021, William and Tracy Mattei (the "Debtors" or "Defendants") commenced this case (the "Case") by filing a joint voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.  Marianne T. O'Toole (the "Trustee") was appointed as the Chapter 7 Trustee of the Debtors' estate.

On June 7, 2021, Brenda Wiley (the "Plaintiff"), as Administrator C.T.A. of the Estate of Jeffrey Keahon (the "Keahon Estate") and a creditor of the Debtors, commenced this adversary proceeding against the Defendants by filing a four-count complaint [ECF No. 1] (the "Complaint").  The Complaint asked this Court to find that debts owed to the Keahon Estate, as reflected in the Debtors' Schedule E/F, are non-dischargeable under Bankruptcy Code §§ 523(a)(2)(A) and 523(a)(4).  Compl. ¶¶ 96-109, at 18-20.  Alternatively, the Plaintiff asked this Court to deny the discharge of these debts under Bankruptcy Code §§ 727(a)(3) and 727(a)(4)(A).  *Id.* ¶¶ 110-123, at 20-22.

On July 1, 2021, the Defendants filed an answer to the Complaint [ECF No. 3] (the "Answer").
The Defendants subsequently filed a motion for summary judgment with respect to all four
counts in the Complaint [ECF No. 13] (the "Summary Judgment Motion") on April 25, 2022.
On July 18, 2022, the Plaintiff filed a cross-motion for summary judgment [ECF No. 21] (the
"Cross Motion for Summary Judgment") with respect to only its § 727(a)(4)(A) claim.  The
Court heard oral argument on the motions on August 24, 2022 and granted the Defendants'
Summary Judgment Motion with respect to all counts in the Complaint, except to Count V.,
relating to the § 727(a)(4)(A) claim.[1]  Order with Respect to Motion and Cross-Motion for
Summary Judgment [ECF No. 28] ¶ 1.  The Court also denied the Plaintiff's Cross-Motion for
Summary Judgment with respect to Count V.  *Id.* ¶ 2.

On October 14, 2022, the parties filed a joint pre-trial order [ECF No. 29] agreeing to a set of
stipulated facts and outlining the evidence to be presented at trial.  On October 28, 2022, the
Defendants' Counsel filed the Declarations of William Mattei [ECF No. 32] (the "William
Mattei Decl.") and Tracy Mattei [ECF No. 33] (the "Tracy Mattei Decl.").  The Plaintiff's
counsel filed the Declaration of Brenda Wiley [ECF No. 34] (the "Wiley Decl.") on October 30,
2022.

A trial was held on November 3, 2022 to determine whether the Plaintiff's § 727(a)(4)(A) claim
should preclude the Defendants' bankruptcy discharge.  The declarations of William Mattei,
Tracy Mattei and Brenda Wiley were admitted in lieu of direct testimony.  Various exhibits were
also admitted into evidence.  *See Complaint* [Joint Exhibit JXA]; *see also Debtors' Bankruptcy
Petition Forms and Schedules* [Joint Exhibit JXB]; *see also Debtors' Amended Schedules and
Forms* [Joint Exhibit JXC]; *see also Debtors' Redacted Personal Bank Statements* [Joint Exhibit
JXD]; *see also Mattei Mastery, LLC. Agreement* [Joint Exhibit JXE] (the "Mattei Mastery
Agreement"); *see also Mattei Mastery, LLC. Redacted TD Bank Statements* [Joint Exhibit JXF];
*see also 341 Meeting Transcript* [Joint Exhibit JXG]; *see also Estate of Angela Mattei—
Redacted Bank Statements* [Joint Exhibit JXH]; *see also Checks drawn by Defendants in
payment of Legal Fees* [Joint Exhibit JXI].

---

[1] Although the Complaint alleged only four counts, the Plaintiff mistakenly identified the § 727(a)(4)(A) claim as
Count V instead of Count IV in the Complaint.

II.    Discussion

A.    Count V – § 727(a)(4)(A)

The remaining count in the Complaint seeks denial of Defendants' discharge under section 727(a)(4)(A) of the Bankruptcy Code.  Section 727(a)(4)(A) allows a court to deny a discharge to a debtor if "(4) the debtor knowingly and fraudulently, in or in connection with the case—(A) made a false oath or account."   Five elements must be proven in order to satisfy the requirements of § 727(a)(4)(A): (1) the debtor made a statement under oath; (2) such statement was false; (3) the debtor knew that the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case.  *MacLeod v. Arcuri (In re Arcuri)*, 116 B.R. 873, 880 (Bankr. S.D.N.Y. 1990) [citations omitted].

The plaintiff bears the initial burden of proof by a preponderance of the evidence.  *Baron v. Klutchko (In re Klutchko)*, 338 B.R. 554, 567 (Bankr. S.D.N.Y. 2005).  However, once the plaintiff has made a prima facie showing that the debtor knowingly made a false oath, the "debtor must come forward with a credible explanation for his actions." *Nof v. Gannon (In re Gannon)*, 173 B.R. 313, 320 (Bankr. S.D.N.Y. 1994) [citations omitted].  The defendant must prove that the false statement was not intentional misrepresentation.  *Baron*, 338 B.R. at 567.  A court may ultimately deny discharge when the defendant is unable to meet its burden.  *O'Hearn v. Gormally (In re Gormally)*, 550 B.R. 27, 55 (Bankr. S.D.N.Y. 2016).

1.    The Defendants made statements under oath.

The evidentiary record shows that the Defendants made statements under oath in three separate instances.  First, the Defendants made statements under oath when filing their Schedules and Statement of Financial Affairs.  *See* Joint Exhibit JXB.  Second, the Defendants made statements under oath in the three amendments to their Schedules and Statement of Financial Affairs.  Joint Exhibit JXC.  Finally, the Defendants testified under oath at the § 341 meeting held on April 8, 2021. *See* Joint Exhibit JXG.  Accordingly, the Plaintiff has proven the first required element.

4

2.    The Defendants' statements were false.

The Plaintiff alleges that the Defendants' statements filed under oath were false.  Compl. ¶ 121,
at 22.  Plaintiff testified as to Defendants' failure to disclose three items: (i) Mrs. Mattei's
income from Care.com; (ii) a residuary interest in the estate of Jeffery Keahon; and (iii) the
income paid to Mrs. Mattei and Mattei Mastery LLC under the Mattei Mastery Agreement.
Wiley Decl. ¶ 12; Transcript of Trial on November 3, 2022 ("Nov. 3 Tr.") at 19:18-25, 25:23-25,
26:1-25, 27:1-16.

The Defendants acknowledged that the Schedules and Statement of Financial Affairs were
incomplete and inaccurate.  *See generally* William Mattei Decl. and Tracy Mattei Decl.; *see also*
Nov. 3 Tr. at 80:22-25, 81:1-16, 86:7-25, 87:1-21, 120:19-25, 121:1-3.  The Defendants further
conceded that they were amended multiple times in response to issues that the Trustee raised at
different times during the Case.  Nov. 3 Tr. at 86:2-25, 87:1-21.

"Omissions as well as affirmative misstatements qualify as false statements for Section
727(a)(4)(A) purposes."  *Republic Credit Corp. v. Boyer (In re Boyer)*, 367 B.R. 34, 45 (Bankr.
D. Conn. 2007) [citations omitted], *aff'd*, 384 B.R. 44, 48 (D. Conn. 2008), *aff'd*, 2009 U.S. App.
LEXIS 12544 (2d Cir. June 11, 2009).  Here, the Defendants' omission of all income earned
under the Mattei Mastery Agreement in their original Schedules and Statement of Financial
Affairs constituted a false statement.  *See generally* Exhibit JXB.[2]  Additionally, the Defendants'
continued omission of one-half of the monthly income received under the Mattei Mastery
Agreement in their amended Schedules and Statement of Financial Affairs further constitutes a
false statement.  *See generally* Joint Exhibit JXC.  Therefore, the Plaintiff has proven the second
required element.

---

[2] The Court finds that there was no omission made with respect to the failure to disclose any residuary interest in the
estate of Jeffery Keahon as the testimony of Mrs. Wiley was clear that it is highly unlikely that such residuary
interest exists.  Nov. 3 Tr. at 28:25, 29:1-7.  With respect to the Care.com income, while it is clear that there was
some income earned for a few months that was not disclosed in the Schedules and the Statement of Financial
Affairs, Mrs. Mattei testified at trial that it was immaterial in amount.  Nov. 3 Tr. at 92:3-14.  Therefore, the rest of
this opinion focuses on the failure to disclose the income received under the Mattei Mastery Agreement.

3.      Defendants knew the statements were false.

The Plaintiff alleged that the Defendants knew their statements under oath were false.  Compl. ¶
121, at 22.  Although the Defendants denied this allegation, it is undisputed that they amended
their Schedules and Statement of Financial Affairs three times over a period of sixteen months.
*See generally* Joint Exhibit JXC.  Throughout this sixteen-month period, the Defendants made
corrections and additional disclosures in response to the Trustee's investigation and requests.
Nov. 3 Tr. at 86:13-21.  Despite these various amendments, Mr. Mattei's trial testimony makes
clear that one-half of the income paid under the Mattei Mastery Agreement remains undisclosed.
*Id.* at 115:14-21, 130:15-22.

Consequently, the Court finds the Defendants' failure to disclose the income earned under the
Mattei Mastery Agreement, first in its entirety and then subsequently in part, even after the
Trustee raised the issue at the § 341 meeting, demonstrates that the Defendants knew the
statements were false.  Thus, the Plaintiff has proven the third required element.

4.      The Defendants' omissions were made with fraudulent intent.

The Plaintiff argued that this Court should interpret the Defendants' omissions as evidence that
they intended to hide certain income from their creditors, specifically the Internal Revenue
Service (the "IRS") and the Social Security Administration.  Nov. 3 Tr. at 168:15-19.  As
support, the Plaintiff points to the repeated filings of incomplete and inaccurate documents, as
well as the Defendants' responses at the § 341 meeting, both sworn to under oath.  *See Id.* at
75:20-22, 168:15-19.

The Defendants responded that they mistakenly failed to disclose the additional income.  They
assert that all of their errors and omissions were a result of carelessness and misunderstanding.
*See Id.* at 80:22-25; 81:1-16.  Despite this confusion and uncertainty, or as their counsel argued,
"blind stupidity," the Defendants allege that they remedied these errors and omissions by
amending their Schedules and Statement of Financial Affairs.  *Id.* at 81:4-7; 175:22.

The Court has struggled with the issue of whether the Defendants' errors and omissions, including the continued omission of one-half of the payments received under the Mattei Mastery Agreement, were made with fraudulent intent.  A debtor's fraudulent intent "may be found by inference from all of the facts . . . [and] 'depends largely upon an assessment of the credibility and demeanor of the debtor . . . .'"  *Forrest v. Bressler (In re Bressler)*, 387 B.R. 446, 460-61 (Bankr. S.D.N.Y. 2008) [citation committed].  In analyzing a debtor's credibility, a court may consider a "debtor's level of financial sophistication."  *Beach Lane Mgmt. v. White (In re White)*, 2015 Bankr. LEXIS 4282, at *35 (Bankr. S.D.N.Y. Dec. 18, 2015) [citation omitted].

Here, the Defendants are both educated people.  Mrs. Mattei is a licensed teacher who tutors children in various subjects, including math.  Tracy Mattei Decl. ¶ 15; Nov. 3 Tr. at 48:5-7.  Mr. Mattei is a licensed teacher and a vice principal at the Hudson County Schools of Technology.  William Mattei Decl. ¶ 15.

Both Defendants testified that they were aware of the limitations on the amount of income that Mrs. Mattei was permitted to earn and still retain her disability benefits.  William Mattei Decl., ¶ 36; Tracy Mattei Decl., ¶ 17.  The Mattei Mastery Agreement was structured to limit Mrs. Mattei's earnings so as to avoid exceeding this statutory limit on earned income, such that the Defendants allocated the income earned above this amount to Mattei Mastery LLC.  Nov. 3 Tr. at 128:2-6.

As noted in her declaration, there is a discrepancy between Mrs. Mattei's testimony that she earned $20 per hour for teaching/tutoring and the language of the Mattei Mastery Agreement.  Tracy Mattei Decl., ¶ 19.  Both Defendants' testimony shows that they were trying to limit Mrs. Mattei's reported income, even if their reporting did not accurately reflect the number of hours that she tutored students under the Mattei Mastery Agreement, in order to ensure that Mrs. Mattei did not lose her disability benefits and possibly have to pay additional taxes to the IRS.  *See* Nov. 3 Tr. at 71:10-14, 80:1-4, 128:2-6.

Mrs. Mattei testified that the failure to disclose any of the income received under the Mattei Mastery Agreement was a "result of [their] collective inexperience, and the inability to convey to

[their] bankruptcy counsel the method by which [her] income was being calculated and apportioned." Tracy Mattei Decl., ¶ 18; *see also* William Mattei Decl. at ¶ 19. However, it is hard for the Court to find that argument to be credible when made by the Defendants, both of whom have master's degrees and both of whom have professional training as teachers in how to communicate. In addition, Mrs. Mattei teaches math, and the omission was the failure to include the total amount of income.

There was no testimony that all or any portion of amounts owed under the schedule attached to the Mattei Mastery Agreement were not paid into the bank accounts of the Defendants and/or Mattei Mastery LLC. Once the Trustee raised the issue of the Defendants' failure to disclose the income received under the Mattei Mastery Agreement, it should not have been difficult to amend the filings to disclose the full amount of the income received under this contract. While the Defendants amended their Schedules and Statement of Financial Affairs three separate times, they only disclosed a portion of the income that they received under the Mattei Mastery Agreement. *See generally* Joint Exhibit JXC.

Courts have denied a debtor's request for discharge when the debtor has amended its schedules multiple times and still failed to accurately disclose the missing and/or inaccurate information. *See Piazza v. Keswani (In re Keswani)*, 2022 Bankr. LEXIS 31, at *31-33 (Bankr. S.D.N.Y. Jan. 7, 2022) (denying discharge following "the Debtor's repeated failure to disclose" information regarding her assets and property, such as her Roth IRA and 529-A Accounts, despite specific questions about this property and multiple subsequent amendments to her Statement of Financial Affairs and Schedules); *see also Eastern Diversified Distribs., Inc. v. Matus (In re Matus)*, 303 B.R. 660, 677-79 (Bankr. N.D. Ga. 2004) (denying discharge despite the debtors' "several amendments to his Schedules and Statement of Financial Affairs after the meeting of creditors" where the amended documents still suffered from "significant omissions" and "inaccuracies"); *see also Ruiz v. Kennedy (In re Kennedy)*, 566 B.R. 690, 721 (Bankr. D.N.J. 2017) (denying discharge where the defendant's multiple amendments "reveal[ed] a troubling pattern in which the Debtors would fail to disclose certain assets, the Plaintiffs would discover or bring those assets to the attention of the Court, and the Debtors would file amendments to schedules disclosing those assets"); *see also Brown v. Peterson (In re Peterson)*, 2021 Bankr. LEXIS 2362,

at *20 (Bankr. D. Nev. Aug. 30, 2021) (denying discharge where it was "apparent to the Court that the defendants simply did not make a sufficient effort to ensure the accuracy and completeness of their schedules and SOFA – whether initially or when they made two separate amendments . . . ."); *see also Lloyd v. Herchakowski (In re Herchakowski)*, 2013 Bankr. LEXIS 641, at *14 (Bankr. D.N.J. Feb. 19, 2013) (denying discharge where the debtor's omissions in his Schedules and SOFAs displayed a "clear pattern of careless and inaccurate statements" despite multiple amendments); *see also Mertz v. Rott*, 955 F.2d 596, 598-99 (8th Cir. 1992) (holding that the bankruptcy court properly denied a debtor's discharge where the debtor failed to disclose a state tax refund despite three separate chances to correct his schedules to account for this omission); *see also Farnham v. Serpa (In re Serpa)*, 2011 Bankr. LEXIS 3838, at *12-13 (Bankr. N.D. Cal. Sept. 30, 2011) (denying discharge after finding a "significant pattern of recklessness in [the debtor's] extensive amendments throughout the bankruptcy process" due in part to the "suspicious" timing of such amendments, where, for instance, one amendment was filed to correct omissions and misstatements directly after questioning by [the plaintiff] at the 341 hearing").

There is no rule of thumb as to how many incomplete or inaccurate amendments must be filed before a court may deny a discharge.  Courts examine the context surrounding a debtor's acts of repeatedly amending the schedules to determine whether the debtor had fraudulent intent. Evidence of reckless disregard for the truth provides sufficient basis to find fraudulent intent under § 727(a)(4)(A) of the Bankruptcy Code.  "Because a debtor is unlikely to admit to having made a deliberate misstatement, an objector may prove knowledge of falsity for purposes of § 727(a)(4)(A) by proving that the debtor acted with at least a reckless disregard for the truth." *Town of Skaneatles v. Scott (In re Scott)*, 233 B.R. 32, 44 (Bankr. N.D.N.Y. 1998) [citation omitted].  "Fraudulent intent may be inferred from a series of incorrect statements contained in the schedules . . . ." *Castillo v. Casado (In re Casado)*, 187 B.R. 446, 450 (Bankr. E.D.N.Y. 1995) [citations omitted].  Some courts focus on whether there is a pattern of omitting important information and whether the amendments are done piece by piece based on the trustee's discovery of additional information*. See Heidkamp v. Grew (In re Grew)*, 310 B.R. 445, 449-452 (Bankr. M.D. Fl. 2004) (denying discharge where, for instance, the debtor's initially filed SOFAs "indicated that she received no income from her business, but her amended Statements

9

showed that she received significant income from her businesses," and where "the record [was] clear that [the debtor's various] amendments were prompted by discovery of additional assets by the Trustee" such that the debtor's amendments only resulted in proper disclosure "piece by piece"); *see also In re Gormally*, 550 B.R. at 55-59 (denying discharge where the debtor disclosed information regarding certain assets only "in piecemeal fashion" and "upon direct questioning by the Chapter 7 Trustee and then at trial only begrudgingly when confronted on cross-examination with evidence by the Plaintiffs," such that the debtor's "continued and systematic unwillingness [] to accurately disclose his assets support[ed] a finding of fraudulent intent").

Based upon the evidentiary record, including the Defendants' trial testimony, the Court does not find the Defendants' explanation for the omission (and the continued omission) of a portion of the income from the Mattei Mastery Agreement from the Schedules to be credible.  The Court finds that the Defendants' actions demonstrated a reckless disregard for the truth and thus, that the Defendants acted with fraudulent intent by failing to disclose a portion of this income. Therefore, the Plaintiff has proven the fourth required element.

> 5.    The omissions made by Defendants relate materially to the bankruptcy
>        case.

Finally, the Plaintiff must demonstrate that the Defendants' omission relates materially to the bankruptcy case.  "A statement or omission is material if it is 'related to the debtor's business transactions, concerns the discovery of assets, business dealings or disposition of the debtor's property.'" *Forrest*, 387 B.R. at 461 [citations omitted].  "Omitted or incorrect information may be 'material' for purposes of section 727(a)(4)(A) even if the failure to disclose was not material." *Id.*  Here, the omission in question relates materially to the Case as it relates to income and assets of the Debtors.

Based upon the evidentiary record, including the Defendants' testimony about the Mattei Mastery Agreement, the omission of all of, and then subsequently, some of, the income from the Mattei Mastery Agreement from the Defendants' Schedules relates to the Defendants' business

dealings and thus was "material."  Accordingly, the Plaintiff has proven the fifth required element.

Judgment

For all of the foregoing reasons, the Court finds that the Plaintiff has proven by a preponderance of the evidence that all five of the required elements for denial of a discharge under § 727 (a)(4)(A) of the Bankruptcy Code have been satisfied.  Accordingly, the Court denies the Defendants' request for discharge under § 727(a)(4)(A) and requests the Plaintiff to submit a proposed form of judgment consistent with this opinion.

Dated:  June 8, 2023                                         */s/ Lisa G. Beckerman*
New York, New York                                  **HON. LISA G. BECKERMAN**
                                                                    **UNITED STATES BANKRUPTCY JUDGE**